IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUAQUA SUBAH,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-04-1061 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **BUREAU OF IMMIGRATION AND** | : | |
| **CUSTOMS ENFORCEMENT, et al.** | : | |
| | : | |
| Respondents | : | |

## M E M O R A N D U M

### I. Introduction

Petitioner, Quaqua Subah (A77 475 844), a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") held at the York County Prison in York, Pennsylvania, commenced this action, through counsel, with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondent is the ICE. Petitioner seeks his release from ICE detention. The petition has been fully briefed and is ripe for disposition. For the following reasons, the petition will be denied.

### II. Background

Petitioner, a native and citizen of Liberia, was admitted to the United States on June 28, 1999, as a refugee. On May 9, 2003, Petitioner was convicted in the Court

of Common Pleas of Philadelphia County, Pennsylvania, for the corruption of minors, and was sentenced to a term of twenty-three months imprisonment.

Based upon Petitioner's conviction, on January 14, 2004, ICE commenced removal proceedings against Petitioner with a notice to appear ("NTA") dated January 21, 2004.  Petitioner was charged as removable from the United States (1) under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as an alien convicted of an aggravated felony relating to sexual abuse of a minor, and (2) under § 237(a)(2)(A)(I) of the INA, as an alien convicted of a crime involving moral turpitude within five years after admission for which a sentence of one year or longer may be imposed.

Due to Petitioner's refugee status, ICE requested the immigration judge to terminate the removal proceedings.  By order dated February 27, 2004, the immigration judge granted the ICE request, and the removal proceedings were terminated without prejudice.

On March 24, 2004, Petitioner filed: (1) a form I-485 application for adjustment of status, and (2) a form I-602 application by refugee for waiver of grounds of excludability with the Bureau of Citizenship and Immigration Services ("CIS").  Petitioner provided sworn testimony before a CIS officer on April 28, 2004.

On May 11, 2004, CIS denied both of Petitioner's applications. The instant petition ensued.[1]

## III. Discussion

After ICE commenced removal proceedings against Petitioner on January 14, 2004, and while the removal proceeding was pending, Petitioner was subject to mandatory detention under the provisions of 8 U.S.C. § 1226. Section 1226(c) mandates detention during removal proceedings for a limited class of removable aliens, including those convicted of an aggravated felony and those convicted of a crime involving moral turpitude. Since ICE was seeking removal of Petitioner as an alien convicted of an aggravated felony and as an alien convicted of a crime involving moral turpitude, he was properly detained under the statute. However, the immigration judge subsequently dismissed the proceedings, without prejudice, upon motion of Respondent. Consequently, Petitioner was no longer subject to mandatory detention provisions related to specified aliens in removal proceedings. Nevertheless,

---

[1] The court notes that Petitioner filed a subsequent habeas petition with this court, again challenging, *inter alia*, his continued detention by ICE. By order dated August 3, 2005, this court denied Petitioner's challenge to continued detention in the subsequent habeas petition, and transferred the remaining issues to the United States Court of Appeals for the Third Circuit pursuant to the Real ID Act of 2005, Pub. L. No. 109-113 (May 11, 2005). *Subah v. ICE*, No. 1:05-CV-1039, slip op. (M.D. Pa. Aug. 3, 2005) (Rambo, J.) In addition, the court notes that Petitioner appealed the denial of the form I-602 application on June 6, 2004. Petitioner filed the instant and subsequent habeas petitions while that appeal was pending; however, in the instant matter, Petitioner seeks only his release from continued detention by ICE, not a review of the form I-602 application denial.

for the reasons that follow, Petitioner was still subject to mandatory detention.

After termination of the removal proceedings, Petitioner filed a form I-485 application, seeking adjustment of status under the provisions of 8 U.S.C. § 1159. One of the conditions for adjustment of status required that Petitioner be qualified as admissible as an immigrant at the time of examination for adjustment.  8 U.S.C. §§ 1157(c) and 1159(b)(5).  Pursuant to 8 U.S.C. § 1182, any alien convicted of a crime of moral turpitude is ineligible to be admitted to the United States.  8 U.S.C. § 1182(a)(2)(A)(ii)(I).  Petitioner's conviction of corruption of minors makes him an alien convicted of a crime involving moral turpitude.  *In Re: Imber*, 16 I. & N. Dec. 256, 258 (BIA, 1977).  Moreover, under the provisions of 8 U.S.C. § 1226(c)(1)(A), the United States Attorney General is required to take into custody "any alien who is inadmissible by reason of having committed an offense covered in [8 U.S.C. § 1182(a)(2)]."  8 U.S.C. § 1226(c)(1)(A).

Thus, as an alien convicted of a crime of moral turpitude, Petitioner is inadmissible under § 1182, and his detention is mandatory under the provisions of § 1226(c)(1)(A).  Consequently, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

                                       s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated:  August 18, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**QUAQUA SUBAH,**                       :
                                         :
      **Petitioner**       :       **CIVIL NO. 1:CV-04-1061**
                                         :
**v.**                                  :       **(Judge Rambo)**
                                         :
**BUREAU OF IMMIGRATION AND**           :
**CUSTOMS ENFORCEMENT, et al.**         :
                                         :
      **Respondents**      :

## O R D E R

**AND NOW**, in accordance with the foregoing memorandum**, IT IS HEREBY**

**ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 12) is **DENIED**.

2. The Clerk of Court is directed to close this case.

                                 s/Sylvia H. Rambo
                                 SYLVIA H. RAMBO
                                 United States District Judge

Dated:  August 18, 2006.